Freedman, J.,
dissents in a memorandum as follows: I respectfully dissent to the extent that I would affirm both Supreme Court’s order and judgment directing respondent to disclose unredacted records that petitioner seeks under the Freedom of Information Law (Public Officers Law § 84 et seq.) (FOIL), and the court’s judgment awarding petitioner attorney’s fees under Public Officers Law § 89 (4) (c).
Petitioner, a nonprofit organization that investigates and, where it deems appropriate, litigates on behalf of indigent prisoners claiming their actual innocence, seeks access to New York City Police Department (NYPD) records relating to the criminal investigation of Richard Rosario, who has been incarcerated since his conviction for second-degree murder in 1996. Rosario maintains that he was in Florida when the murder occurred and that his trial counsel was constitutionally ineffective for failing to adequately investigate his alibi defense.
In November 2011, petitioner filed a FOIL request with the NYPD requesting disclosure of, among other things, “DD5” complaint follow-up reports and other records pertaining to statements by a passerby at the crime scene who did not testify at Rosario’s criminal trial and by Jose Diaz, a trial witness for the People who was in the vicinity of the murder but who did not identify defendant. Petitioner contends that the passerby’s and Diaz’s statements corroborate other evidence that the murder was premeditated and committed by someone who knew the victim, contradicting the People’s theory at Rosario’s criminal trial that the victim was a stranger who Rosario killed after a chance encounter.
In December 2011, the NYPD denied the entire FOIL request; thereafter petitioner filed an administrative appeal. In a February 2012 letter, a NYPD Records Access Appeals Officer *441 informed petitioner that the NYPD had been directed “to conduct a further search for the requested records” and that its determination would be deferred until the search was completed.
In May 2012, petitioner filed this CPLR article 78 proceeding to compel respondents to disclose the requested documents. Petitioner also seeks attorney’s fees and costs. The NYPD cross-moved to dismiss, contending that petitioner failed to exhaust its administrative remedies because the NYPD was still searching for the requested records. In July 2012, Supreme Court denied the cross motion, finding that the NYPD failed to comply with the 10-day time limit for an agency to respond to an appeal from a FOIL request denial (Public Officers Law § 89 [4] [a]), and that the failure constituted a denial of the administrative appeal under Public Officers Law § 89 (4) (b).
In August 2012, NYPD answered the petition, asserting that the records it refused to furnish, or furnished with redactions, fall under the FOIL exemptions for public safety (Public Officers Law § 87 [2] [f]), personal privacy (Public Officers Law § 87 [2] [b]), and confidentiality (Public Officers Law § 87 [2] [e] [iii]). After NYPD furnished some of the requested records and a conference was held before the court, the number of pages in dispute was narrowed to seven. Three of the pages make up a DD5 containing the passerby’s statement and the other four pertain to Jose Diaz. In response to the FOIL request, the NYPD withheld two of the seven pages from the passerby’s DD5 and redacted the other five pages to remove the passerby’s name, address, and telephone number and Diaz’s address and telephone number. The NYPD also redacted other individuals’ names and some fragmentary information about them from the five pages.
In March 2013, after reviewing the seven unredacted pages in camera, the motion court granted the petition and ordered the NYPD to disclose the pages in full, finding that the NYPD failed to establish that the disclosure would endanger either the passerby or Diaz or invade anyone’s privacy. It further found that the exemption to protect confidential sources is inapplicable. In addition, the court rejected the NYPD’s claim that a police officer’s tax registration number should be redacted from the passerby’s DD5 under the personal privacy exemption.
In June 2013, the Court awarded petitioner approximately $49,000 in attorney’s fees. Thereafter, the NYPD appealed from both the order and judgment granting the petition and the judgment awarding attorney’s fees. The appeal also brings up for review the July 2012 order denying the NYPD’s cross motion to dismiss the petition.
*442 As a preliminary matter, I agree with the majority that the cross motion was properly denied because the NYPD’s failure to respond fully to the FOIL request within 10 days constituted a denial which exhausted petitioner’s administrative remedies. I also agree that the passerby’s DD5 pages do not fall under FOIL’S confidentiality exemption because the NYPD made no showing that it made an express or implicit promise of confidentiality to the passerby.
However, I see no basis to find that disclosing the passerby’s name, address, and telephone number as of 1996, and Jose Diaz’s address and telephone number, could endanger them or violate their privacy. FOIL imposes a broad duty on government agencies to disclose their records. Statutory exemptions to disclosure are “narrowly construed,” and an agency’s justification for nondisclosure must be “particularized and specific” (Matter of New York Civ. Liberties Union v City of Schenectady, 2 NY3d 657, 661 [2004]). While FOIL provides that an agency may withhold records if it demonstrates the possibility that disclosure “could endanger the life or safety of any person” (Public Officers Law § 87 [2] [f]; Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [1st Dept 2011], affd 20 NY3d 1028 [2013]), “this does not mean . . . that a blanket exemption is warranted on public safety grounds for all DD-5s that reveal . . . the identity of individuals” (Matter of Johnson v New York City Police Dept., 257 AD2d 343, 349 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]). In Johnson, this Court noted that “the disclosure of information that tends to exonerate a criminal defendant would not be likely to present any apparent danger to the witness from whom it was derived” (id.).
Here, petitioner seeks identifying information about the passerby and Diaz because their accounts of the murder are at odds with the People’s theory of the case and they may provide further information that would benefit Rosario’s case. After reviewing the three pages pertaining to the passerby, the motion court agreed with petitioner that the passerby “may have information that helps Rosario as he attempts to prove his innocence” (Matter of Exoneration Initiative v New York City Police Dept., 39 Misc 3d 962, 966 [Sup Ct, NY County 2013]). The majority acknowledges that the passerby’s statement to the police did not corroborate “the account provided by the People’s witnesses,” and I am puzzled by the majority’s reasoning that, merely because “this account is not dispositive,” disclosing information about the passerby who contradicted that account would endanger him.
As for Diaz, heretofore disclosed records indicate that he made *443 certain statements to the NYPD, which the People did not elicit at trial and which suggest that the murder was premeditated and the perpetrator knew the victim. Diaz stated that the perpetrator and an accomplice brandished guns during the altercation, and that the shooter followed the victim and his friend as the accomplice ran to the getaway car and moved it to enable the shooter to flee from the scene. Petitioner also is motivated to contact Diaz because, although he testified that he thought he could recognize the men involved in the incident, he was unable to identify Rosario as the perpetrator both during a police lineup three weeks after the shooting and in court. The majority’s determination that disclosing Diaz’s address and telephone number as of 1996 could endanger him merely because he testified at Rosario’s trial is conclusory, given that some of his statements to the police, as well as his failure to identify Rosario, are exculpatory.
I also do not concur with the majority’s holding that the privacy exemption justifies redacting identifying information and other data for Diaz, the passerby, and other persons named in the seven pages. To invoke the exemption, an agency must demonstrate that the records sought constitute an “unwarranted invasion of personal privacy” (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]). To determine whether disclosure of personal information is warranted, a court “must balance the privacy interests at stake against the public interest in disclosure of the information” (Matter of Regenhard v City of New York, 102 AD3d 612, 613 [1st Dept 2013]).
Here, any intrusion into individuals’ privacy is outweighed by the possibility that Rosario is actually innocent and that evidence of actual innocence may be revealed. It is noted that after Rosario’s direct appeal from his conviction failed, he sought habeas relief which was denied by a divided panel of the Second Circuit of the United States Court of Appeals (Rosario v Ercole, 601 F3d 118, 126 [2d Cir 2010], cert denied 563 US —, 131 S Ct 2901 [2011]). In a partial dissent, Circuit Judge Straub wrote that “there exists too much alibi evidence that was not presented to the jury, and too little evidence of guilt, to now have any confidence in the jury’s verdict. . . . The majority essentially concedes a Strickland violation and that Rosario would be entitled to relief if this case arose on direct review but denies the writ out of deference to the state court” (Rosario, 601 F3d at 129, 137 [Straub, J., dissenting]).
Since I believe that none of the FOIL exemptions justify withholding or redacting the seven pages and would affirm Supreme *444 Court’s grant of the petition, I would also affirm the award of attorney’s fees to petitioner because it prevailed in the litigation and Supreme Court providently exercised its discretion in finding that the NYPD’s delay in responding to the administrative appeal warranted the award (see Public Officers Law § 89 [4] [c] [ii]).